UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
-----------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

UNIVERSITY OF PUERTO RICO,

    Defendant.
-----------------------------------------------------------x

CIVIL ACTION NO.

06-1660 (RLA)

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), to correct unlawful employment practices on the basis of age by the University of Puerto Rico, and to provide appropriate relief to affected employees age 55 or older, including but not limited to Albert Padilla. As alleged in greater detail below, prior to February, 2001, the Defendant did not allow employees age 55 or older to become members of its retirement system, because of their age. In February, 2001, when Defendant began to allow employees age 55 and older to become members of Defendant's retirement system, Defendant refused to allow public employees age 55 and older to become retirement system members unless they paid both the employee and employer's contributions to its system, because of their age, in violation of the ADEA. In addition, Defendant refused to allow former employees to become members of Puerto Rico's public employee retirement systems, because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. § 216(c).

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

3. All jurisdictional prerequisites to this lawsuit have been met.

## PARTIES

4. Plaintiff, Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-523 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant University of Puerto Rico ("UPR") has been an educational institution government, and has continuously had at least 20 employees.

6. At all relevant times, UPR has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## STATEMENT OF CLAIMS

7. On October 16, 1990, OWBPA, Pub. L. 101-433, 104 Stat. 978, became law.

8. OWBPA amended the ADEA to, inter alia, make clear that the prohibitions of the ADEA applied to all benefits of employment, including retirement benefits.

9. OWBPA provided that with regard to public employers it would become effective 2 years after enactment, i.e., October 16, 1992.

10. Prior to February, 2001, UPR did not allow employees age 55 and older to become members of the UPR retirement systems because of their age, in violation in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §§623(a)(1).

11. When, in February, 2001, UPR allowed employees age 55 and older to become members of the UPR retirement systems, UPR refused to allow "former employees," i.e., those employees who retired after October 16, 1992 and before February, 2001, to become members, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §§623(a)(1).

12. When, in February, 2001, UPR allowed employees age 55 and older to become members of the UPR retirement systems, UPR required then-current employees hired at age 55 or older to pay, in addition to the employee contribution, the employer contribution to the UPR retirement system to obtain lost pension credit, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. §§623(a)(1).

13. Prior to February, 2001, UPR did not allow employees age 55 and older to become members of the UPR retirement systems because of their age, in violation in violation of Section 4(j) of the ADEA, 29 U.S.C. §§623(j)

14. When, in February, 2001, UPR allowed employees age 55 and older to become members of the UPR retirement systems, UPR refused to allow "former employees," i.e., those employees who retired after October 16, 1992 and before February, 2001, to become members, in violation of Section 4(j) of the ADEA, 29 U.S.C. §§623(j).

3

RECEIVED JUL 5 - 2006 EEOC-NYDO ENFORCEMENT

15. The effect of the practices complained of above has been to deprive individuals employed by public employers of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

16  The unlawful employment practices complained of in paragraphs 7 through 14 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of age;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices;

C. Grant a judgment requiring the Defendant to pay denied or lost pay and benefits in an amount to be determined at trial, and an equal sum of liquidated damages, and/or prejudgment interest, to those individuals affected by Defendant' unlawful employment practices, including but not limited to Albert Padilla;

D. Grant a judgment requiring Defendant to pay any employer contributions unlawfully paid by employees in an amount to be determined at trial, and an equal sum of liquidated damages, and/or prejudgment interest, to those individuals affected by Defendant' unlawful employment practices, including but not limited to Albert Padilla;


JUL 5 - 2006

d
e

   E. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

   F. Grant such further relief as the Court deems necessary and proper;

   G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its



RECEIVED
JUL 5 - 2006
EEOC-NYDO-ENF ORC

5

complaint.

        Respectfully submitted,

        James L. Lee, Deputy General Counsel
        Gwendolyn Y. Reams, Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C.   20507

        Elizabeth Grossman
        Regional Attorney

        Lisa Sirkin
        Supervisory Trial Attorney

        _____
        Michael J. O'Brien
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, New York 10004
        (212) 336-3694


RECEIVED
JUL 5 - 2006
EEOC-NYDO

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
UNIVERSITY OF PUERTO RICO

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  HATO REY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(Stamp: RECEIVED JUL 5 - 2006 EEOC-NYDO-ENFORCEMENT)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. O'Brien, EEOC, 33 Whitehall St, 5th Fl., NY, NY 10004
(212)-336-3694

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Age Discrimination in Employment Act, 29 U.S.C. 13621 et seq.

Brief description of cause:
Employees age 55 and older could not become members of retirement system, bec. of age

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Casellas  DOCKET NUMBER 04-2030

DATE 6/28/06
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1. Title of Case (Name of first party on each side only)

    Equal Employment Opportunity Commission v. University of Puerto Rico

2. Category in which case belongs: (See Local Rules)

    **XXXXX**
    _____ ORDINARY CIVIL CASE
    _____ SOCIAL SECURITY
    _____ BANK CASE
    _____ INJUNCTION

3. Title and number, if any, of related cases (See Local Rules)

    EEOC v. Commonwealth of Puerto Rico, 04-CV-2030 (SEC)

4. Has a prior action between the same parties and based on the same claim ever been filed in this Court?

    ☒ YES        ☐ NO

5. Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

    ☐ YES        ☒ NO

6. Does this case question the constitutionality of a state statute (FRCP 24)?

    ☐ YES        ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.  Practicing pursuant to Local Rule 83.1(e)(1)

ATTORNEY'S NAME:  Michael J. O'Brien

MAILING ADDRESS:  EEOC, 33 Whitehall St., 5th Floor

New York, NY        ZIP CODE 10004

TELEPHONE NO.  (212) 336-3694



# United States District Court *for the* District of Puerto Rico

## CURRENT ADDRESS NOTICE

PLEASE, INCLUDE THIS NOTICE WITH THE FILING OF YOUR CIVIL COVER SHEET AND COMPLAINT. YOU HAVE AN ONGOING RESPOSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS.

NOTICES MAY NOT BE RECEIVED IF YOU DO NOT COMPLY WITH THIS REQUEST.

NAME OF ATTORNEY
(Last Name, First Name, Initial)   Michael J. O'Brien

OFFICE ADDRESS
   EEOC
   33 Whitehall Street, 5th Floor
   New York, NY   10004

TELEPHONE NO. 212-336-3694     FAX NO. 212-336-3623

MAILING ADDRESS
   Michael J. O'Brien
   EEOC
   33 Whitehall Street, 5th Floor
   New York, NY   10004

USDC NO. Practicing pursuant to Local Rule 83.1(e)(1)